Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Bryan Lee Grannes

Case No.
CHAPTER 13 PLAN ☐ Modified
Dated

Debtor.
*In a joint case, debtor means debtors in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☒ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☒ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**
2.1 As of the date of this plan, the debtor has paid the trustee $0.00.
2.2 After the date of this plan, the debtor will pay the trustee $24,000.00.

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| **$3,000.00** | **6/1/26** | **6/1/26** | **$3,000.00** |
| **$350.00** | **6/2025** | **5/2025** | **$21,000.00** |
| | | TOTAL: | **$24,000.00** |

2.3 The minimum plan length is ☐ 36 months or ☒ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee _____.
2.5 The debtor will pay the trustee a total of $24,000.00 [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or **$2,400.00.** [line 2.5 x .10].

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of property |
|---|---|---|
| 4.1 | **-NONE-** | |
| 4.2 | | |

**Part 5. CLAIMS NOT IN DEFAULT:** Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of property |
|---|---|---|
| 5.1 | **Minnwest Bank Central** | **2014 Chevy Silverado** |
| 5.2 | | |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

|  | Creditor | Amount of default | Monthly payment | Beginning in mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | **Citizens Alliance Bank** | $35,000 | $155.00 | 6/2025 | 60 | 0 |  | **$9,300.00** |
| 6.2 | **Citizens Alliance Bank** | $35,000 | $27,000.00 | 6/2026 | 60 | 0 |  | **$27,000.00** |
|  |  |  |  |  |  |  | TOTAL: | **$36,300.00** |

**Part 7. CLAIMS IN DEFAULT** (**§§ 1322(b)(3) AND (5) AND 1322(e)**)**:** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|  | Creditor | Amount of default | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 7.1 |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  | TOTAL: |  |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The ~~trustee~~ Debtor will pay the amount set forth in the "Total Payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

|  | Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8.1 | **Minnwest Bank Central** | $6,000 | $6,000 | 6 | ☐ | 6/2025 | $120 | 60 | 0 |  | **$7,200.00** |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
| 8.2 |  |  |  |  | ☐ |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  | TOTAL: | **$7,200.00** |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

|  | Creditor | Est. Secured Claim amount | Int. Rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 9.1 |  |  |  | ☐ |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
| 9.2 |  |  |  | ☐ |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  | TOTAL: |  |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim amount | Beginning in mo./yr | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | **Attorney Fees** | **$3,300.00** | **6/2025*** | **$195.00*** | **17** | **0** |  | **$3,300.00** |
| 10.2 | **Renville County Auditor/Treas.** | **$6,449.00** | **12/2027*** | **$195.00*** | **33** | **0** |  | **$6,449.00** |
| 10.3 |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  | TOTAL: | **$9,749.00** |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim amount | Beginning in mo./yr | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 11.1 |  |  |  |  |  |  |  |  |
| 11.2 |  |  |  |  |  |  |  |  |
| 11.3 |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  | TOTAL: |  |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured claims including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. All following entries are estimates.

|  | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 12.1 |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  | TOTAL: |  |

**Part 13. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately **$2,318.14** [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $_____.
13.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 8 and 9) are $_____.
13.3 Total estimated unsecured claims are $_____ [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property (*including the complete legal description of real property*) |
|---|---|---|
| 15.1 | | |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).
\* **Debtor will sell his Harley Davidson motorcycle and fish house for an estimated $30,000.00. $3,000.00 of these proceeds will be paid to the Chapter 13 Trustee and paid towards Debtor's unsecured claims, the remaining $27,000.00 will be paid directly by Debtor towards the Citizens Alliance mortgage. The items are listed for sale and lump sum payment date in the plan is simply to reflect the uncertainty of when the items will sell, but the hope is that they will sell sooner rather than later.**

SUMMARY OF PAYMENTS:

| Class of payment | Amount to be paid |
|---|---|
| Payments to trustee [Part 3] | $2,400.00 |
| Home mortgages in default [Part 6] | $36,300.00* |
| Claims in default [Part 7] | $ |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $7,200.00* |
| Secured claims excluded from § 506 [Part 9] | $ |
| Priority claims [Part 10] | $9,749.00 |
| Domestic support obligation claims [Part 11] | $ |
| Separate classes of unsecured claims [Part 12] | $ |
| Timely filed unsecured claims [Part 13] | $2,318.14 |
| TOTAL (must equal line 2.5) | $23,767.14* |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: /s/ _____
Attorney for debtor   5-21-25

Signed: _____
Debtor 1

Signed: _____
Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
MINNEAPOLIS DIVISION

| IN RE: | CASE NO: 25-41651 |
|---|---|
| BRYAN LEE GRANNES | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 13 |

On 6/4/2025, I did cause a copy of the following documents, described below,

CHAPTER 13 PLAN

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 6/4/2025

/s/ J. RICHARD STERMER
J. RICHARD STERMER  216811
Attorney for Debtor
Stermer & Sellner, Chtd.
PO Box 514
Montevideo, MN  56265
320 269 6491
jeggers@stermerlaw.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA
# MINNEAPOLIS DIVISION

| IN RE: | CASE NO: 25-41651 |
|---|---|
| BRYAN LEE GRANNES | **CERTIFICATE OF SERVICE** <br> **DECLARATION OF MAILING** <br> Chapter: 13 |

On 6/4/2025, a copy of the following documents, described below,

CHAPTER 13 PLAN

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/4/2025

_____

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
J. RICHARD STERMER
Stermer & Sellner, Chtd.
PO Box 514
Montevideo, MN  56265

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

| CASE INFO | | EXCLUDE |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 25-41651<br>DISTRICT OF MINNESOTA<br>WED JUN 4 9-25-15 PST 2025 | CITIZENS ALLIANCE BANK<br>CO JELLUM LAW  PA<br>7616 CURRELL BLVD  SUITE 245<br>WOODBURY  MN 55125-2295 | ~~MINNEAPOLIS~~<br>~~301 DIANA E MURPHY US COURTHOUSE~~<br>~~300 SOUTH FOURTH STREET~~<br>~~MINNEAPOLIS  MN 55415-1320~~ |
| CAPITAL ONE<br>PO BOX 7683<br>SAN FRANCISCO CA 94120-7683 | (P)CITIZENS ALLIANCE BANK<br>ATTN CITIZENS ALLIANCE BANK<br>55 1ST STREET NW<br>CLARA CITY MN 56222-1271 | CITY OF SACRED HEART<br>PO BOX 53<br>SACRED HEART  MN 56285-0053 |
| DEBRA SCHWANKEGRANNES<br>100TH STREET N<br>APT 611<br>BENSON MN 56215 | JELLUM LAW  PA<br>ATTN LINDSAY W REMONA<br>7616 CURRELL BLVD  SUITE 245<br>WOODBURY MN 55125-2295 | MINNWEST BANK CENTRAL<br>107 N 1ST STREET<br>MONTEVIDEO MN 56265-1401 |
| RUNNINGS VISA   FIRST BANKCARD<br>FNB OF OMAHA<br>PO BOX 2340<br>OMAHA NE 68103-2340 | RENVILLE CO AUDITORTREASURER<br>COURTHOUSE<br>500 EAST DEPUE<br>OLIVIA MN 56277-1396 | SACRED HEART UTILITIES DEPT<br>PO BOX 128<br>SACRED HEART MN 56285-0128 |
| US TRUSTEE<br>1015 US COURTHOUSE<br>300 S 4TH ST<br>MINNEAPOLIS  MN 55415-3070 | VERIZON  VISA<br>PO BOX 669808<br>DALLAS TX 75266-0752 | ~~EXCLUDE~~<br>~~BRYAN LEE GRANNES~~<br>~~PO BOX 53~~<br>~~SACRED HEART  MN 56285 0053~~ |
| ~~EXCLUDE~~<br>~~J RICHARD STERMER~~<br>~~STERMER  SELLNER  CHTD~~<br>~~102 PARKWAY DRIVE~~<br>~~PO BOX 514~~<br>~~MONTEVIDEO  MN 56265 0514~~ | ~~EXCLUDE~~<br>~~KYLE CARLSON~~<br>~~CHAPTER 13 TRUSTEE~~<br>~~PO BOX 519~~<br>~~BARNESVILLE  MN 56514 0519~~ | |

COURT'S LIST OF NEF (ELECTRONIC SERVICE) RECIPIENTS:                                      7332354619

Citizens Alliance Bank              Kyle Carlson
c/o Jellum Law, P.A.                Chapter 13 Trustee
7616 Currell Blvd, Suite 245        PO Box 519
Woodbury, MN 55125United States     Barnesville, MN 56514
represented by:
Lindsay W Cremona                   info@carlsonch13mn.comAdded:
Jellum Law, P.A.                    05/21/2025(Trustee)
7616 Currell Blvd, Suite 245
Woodbury, MN 55125
Bryan Lee Grannes
PO BOX 53
SACRED HEART, MN 56285
represented by:
J. Richard Stermer
Stermer & Sellner, Chtd.
102 Parkway Drive
PO Box 514
Montevideo, MN 56265
US Trustee