# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY 25-41651 |
| | Chapter 13 |
| BRYAN LEE GRANNES, | |
| Debtor. | |

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Kyle L. Carlson, Chapter 13 Trustee, objects to confirmation of the Chapter 13 plan filed by the debtor and requests that the plan be denied.

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This objection is brought pursuant to 11 U.S.C. §§ 1322 and 1325.

2. The Trustee has requested copies of the debtor's bank statements. To date, that documentation request has not been fulfilled. A chapter 13 debtor has a duty to supply that documentation to the Trustee pursuant to 11 U.S.C. § 521(h) and Federal Rule of Bankruptcy Procedure 4002(b). Until that information is received, the Trustee cannot determine if the plan satisfies the best interest of creditors test. *See* 11 U.S.C. § 1325(a)(4) (the value, as of the effective date of the plan, of property to be distributed under a chapter 13 plan on account of each allowed unsecured claim must not be less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7.).

3. Part 5.1 of the plan indicates that the debtor will make all payments contractually due to Minnwest Bank on account of its secured claim. However, Part 8 indicates that the Trustee will pay this secured claim. The Trustee requests that the plan be modified to address the conflicting treatment of this claim.

WHEREFORE, the Trustee requests that the Court deny confirmation of the plan.

Dated:  06/25/2025                                                   s/ Kyle L. Carlson
                                                                                      Kyle L. Carlson, Trustee
                                                                                      Chapter 12 & 13 Trustee
                                                                                      PO Box 519
                                                                                      Barnesville, MN  56514
                                                                                      218-354-7356

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                              BKY 25-41651
                                                    Chapter 13
BRYAN LEE GRANNES,

      Debtor.

## MEMORANDUM OF LAW

### I. Facts

The facts supporting the objection are set forth in the attached verified objection. In addition, the Trustee also relies on the representations made by the debtor at the 341 meeting of creditors and in the debtor's filed schedules.

### II. Burden

A debtor bears the ultimate burden of proving that a Chapter 13 plan should be confirmed. When a debtor fails to carry that ultimate burden, confirmation must be denied. *See In re Melander*, 506 B.R. 855, 859 (Bankr. D. Minn. 2014); *see also In re Maronde*, 332 B.R. 593, 597 (Bankr. D. Minn. 2005) ("Debtor has the burden of proving that the conditions for confirmation have been satisfied.").

### III. Best Interest of Creditors Test

Known as the best interest of creditors test, Section 1325(a)(4) states that the court shall confirm a plan if, among other requirements, "the value as of the effective date of the plan of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date." 11 U.S.C. § 1325(a)(4). In other words, under this test, creditors must receive as much under a debtor's Chapter 13 plan as they would receive in a liquidation. *See In re Rice*, 357 B.R. 514, 518 (B.A.P. 8th Cir. 2006) (Chapter 12); *In re Larson*, 245 B.R. 609, 614 (Bankr. D. Minn. 2000) (best interests of creditors test in Chapter 13 requires payment to unsecured creditors in amount greater than what they would receive in hypothetical liquidation, considering exempt and nonexempt assets and potential recovery of assets under Chapter 7 through fraudulent transfer and preference actions). As noted in the Trustee's motion, the debtor has not yet demonstrated that the plan satisfies this test.

### IV. Conclusion

Based on the foregoing, the Trustee requests that the plan be denied.

Dated:  06/25/2025                                                                                 s/ Kyle L. Carlson
                                                                                                                         Kyle L. Carlson, Trustee

## VERIFICATION

      I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:   06/25/2025                                                             s/ Kyle L. Carlson
                                                                                                       Kyle L. Carlson, Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY 25-41651 |
| | Chapter 13 |
| BRYAN LEE GRANNES, | |
| Debtor. | |

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

The undersigned, being an employee of the standing Chapter 13 Trustee, declares that on the date indicated below, I served the attached Trustee's Objection to Confirmation of Chapter 13 Plan upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

BRYAN LEE GRANNES
PO BOX 53
SACRED HEART, MN 56285

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: 06/25/2025

s/ Jamie Swenson
Jamie Swenson
Chapter 13 Office

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:  BKY 25-41651
Chapter 13

BRYAN LEE GRANNES,

    Debtor.

**PROPOSED ORDER**

This case is before the Court for confirmation hearing on the Chapter 13 plan of BRYAN LEE GRANNES.

    IT IS ORDERED:

Confirmation of the debtor's Chapter 13 plan is DENIED.

Dated:

_____
Katherine A. Constantine
United States Bankruptcy Judge